IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-74-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOSHUA RAYSHAWN MELVIN, | ) | |
| | ) | |
| Defendant. | ) | |

On July 1, 2016, Joshua Rayshawn Melvin ("Melvin") filed a motion for evidence under Federal Rule of Evidence 404(b) [D.E. 77], a motion for release of Brady/Giglio material [D.E. 78], a motion to sequester witnesses [D.E. 79], and a motion for notice of government intent to use statements of co-defendants subject to Bruton v. United States, 391 U.S. 123 (1968) [D.E. 80]. On July 22, 2016, the government filed an omnibus response [D.E. 90].

As for Melvin's motion for evidence under Rule 404(b), Melvin asks the court to order the government to produce any Rule 404(b) evidence not later than fourteen days before trial. See [D.E. 77]. Rule 404(b), however, requires the government to "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and . . . [to] do so before trial." Fed. R. Evid. 404(b)(2). The court expects the government to abide by its obligation under Rule 404(b)(2). Accordingly, the motion is denied without prejudice.

As for Melvin's motion for Brady/Giglio material, the government is aware of its obligation to provide such material. See [D.E. 90] 3–5. The court expects the government to abide by its obligation under Brady/Giglio and their progeny. Accordingly, the motion is denied without prejudice.

As for Melvin's motion for Bruton material, the government is aware of its obligation under

Bruton and its progeny. See id. 5–7. The government, however, is unsure whether Melvin's co-defendants will go to trial or whether any statement of a co-defendant will create a Bruton issue. See id. The court agrees. Accordingly, the motion is denied without prejudice.

Finally, Melvin asks for a sequestration order under Federal Rule of Evidence 615. See [D.E. 79]. The court grants the motion as to the government and defendant. See Fed. R. Evid. 615; United States v. Rhynes, 218 F.3d 310, 317–21 (4th Cir. 2000) (en banc). The court expects each side to comply with Rule 615 as construed in Rhynes and its progeny. The government may designate one case agent on the first day of trial.

In sum, the court DENIES without prejudice defendant's motion for evidence under Rule 404(b) [D.E. 77], motion for release of Brady/Giglio material [D.E. 78], and motion for disclosure of Bruton material [D.E. 80]. The court GRANTS defendant's motion to sequester [D.E. 79].

SO ORDERED. This 9 day of September 2016.

JAMES C. DEVER III
Chief United States District Judge